# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS, | CV F   04 5077 REC SMS P |
| Plaintiff, | |
| v. | ORDER GRANTING SECOND REQUEST FOR EXTENSION OF TIME (Doc. 28.) |
| H.L. BRYANT, et. al., | |
| Defendants. | |

Louis Frances ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

December 15, 2005, Defendants moved for an extension of time to file an unenumerated 12(b) Motion to Dismiss the Complaint on the grounds of exhaustion. Defendants indicated in that Order that some discovery was needed in order to "investigate" the many grievances Plaintiff filed. The Court granted Defendants request giving Defendants to and including February 14, 2006.

On February 8, 2006, Defendants moved for a second extension of time. This time Defendants state that the discovery process yielded no information that would indicate Plaintiff exhausted his administrative remedies. In addition, Plaintiff's prison file did not disclose any

1

evidence that Plaintiff exhausted his administrative remedies.  Thus, Defendants need more time to establish that Plaintiff was not prevented from pursuing the grievance. (Motion at 2.) Defendant is requesting to and including July 19, 2006, which is almost a month beyond the discovery deadline.

On February 23, 2006, Plaintiff opposed the Motion stating that Defendant's request is not only excessive but is unjustified given that Defendant have already reviewed the prison file.

The Court finds merit to Plaintiff's contention.  The Discovery and Scheduling Order in this case issued on October 17, 2006.  By December of 2005, Defendants believed that Plaintiff had not exhausted his administrative remedies.  Defendants moved for an extension of time to file a Motion to Dismiss stating that discovery was necessary to determine whether or not Plaintiff had any information regarding his grievances.  Plaintiff's responses to discovery indicated that he did not have such information.  Citing to Ngo v. Woodford, 402 F.3d 620 (9th Cir. 2005), *cert. granted by* 126 S.Ct. 647 (Nov. 14, 2005), Defendants now state that *further* investigation needs to be done to prove that Plaintiff was not "prevented" from pursuing his remedies.

The Court acknowledges that Ngo v. Woodford, 402 F.3d 620 (9th Cir. 2005), *cert. granted by* 126 S.Ct. 647 (Nov. 14, 2005), provided that exhaustion occurs when an appeals coordinator exercises discretion to screen out an appeal as untimely and no further process remains available to the inmate.  However, it does not appear that Plaintiff is making such an allegation.  In fact, because no Motion to Dismiss has been filed, Plaintiff has not yet been afforded the opportunity to make such an allegation.

In the Complaint, Plaintiff states that he resubmitted a previously screened out appeal "to the Director's Office, and the Appeal denied on 1-8-03." (Complaint at 8-C.)  The Complaint does not indicate that the appeal was screened out as untimely but does indicate that a subsequent appeal on the same issues was resubmitted to the Director's Office wherein a decision was issued.  Defendants request for additional time to investigate the matter is unclear as Defendants do not state with any specificity what investigation has been done and what further investigation is needed.  Moreover, a significant amount of time has elapsed since the Court first issued its

1  Order setting a deadline for the filing of a Motion to Dismiss.  The Court will grant Defendants
2  request for an extension of time but only for a period of forty-five (45) days.  No further
3  extensions will be granted but upon a showing of extremely good cause.
4         The Court HEREBY ORDERS:
5     1.    Defendants Second Motion for an extension of time is GRANTED.  Any
6           unenumerated Motion to Dismiss is DUE within forty-five (45) days of the date of
7           service of this Order.
8  IT IS SO ORDERED.
9  **Dated:    March 1, 2006**                  /s/ Sandra M. Snyder
   icido3                                 UNITED STATES MAGISTRATE JUDGE

3