# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>         Plaintiff,<br><br>    v.<br><br>BRYANT, et. al.,<br><br>         Defendants.<br>_____/ | CV F   04 5077 REC SMS P<br><br>ORDER GRANTING MOTION TO COMPEL IN PART AND DENYING IN PART (Doc. 32.) |

Louis Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's original complaint filed on January 14, 2004, against Defendants H.L. Bryant, G.L. Honest, and G. Galaza.[1]

On March 20, 2006, Plaintiff moved to compel answers to Requests for Admissions and Requests for production of documents served on Defendants. Plaintiff states that Defendants have refused to admit or deny requests made for purposes of authentication and that such denial is without merit. Defendants also have refused to produce certain documents from Plaintiff's central file at the California Department of Corrections Rehabilitation ("CDCR").

Defendants opposed the Motion on March 29, 2006. Counsel for Defendants state that Defendant Honest is on medical leave from the CDCR and has not worked at California State Prison ("CSP") - Corcoran or any other prison since February 2005. Defendant Galaza has been

---
[1] Defendant Bryant has not been served and is not a party to this action.

1

retired from the CDCR since August 2002.  Thus, Defendant's argue, they do not have possession, custody or control over the documents sought to be produced or authenticated via the requests for admission.

**A. REQUESTS FOR ADMISSIONS**

Rule 36(a) of the Federal Rules of Civil Procedure provides that "any party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) . . . including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a).

Here, Plaintiff has propounded 19 requests for admissions on Defendant Galaza.  Of those requests, six (requests nos. 1, 2, 5, 6, 7, 14, 16, and 19) were denied on the basis that Defendant does not have possession, custody or control over Plaintiff's CDC medical or central file.  (Plaintiff's Ex. D.)  However, Defendants also admitted to the authenticity of documents contained in Plaintiff's Central and Medical file in Responses Nos. 10, 11, 12, 15, 17, and 18.  Id. In addition, Defendants deny Request for Admission number 9 on the basis that the document attached by Plaintiff "included a handwritten note which is not present on the progress note in [contained] Plaintiff's medical file." (Plaintiff's Ex. D at 4.)   Thus, Defendant's responses belie his contention that he cannot adequately respond to the remaining requests because he does not have possession, custody or control of the files.  Clearly, Defendant has sufficient control to access to the documents and admit some requests and deny others.  Accordingly, the Motion to Compel the Requests for Admissions is GRANTED.

Plaintiff is reminded that although requests for admissions cannot be served on a non-party, one party may request that the opposing party stipulate to the authenticity of the documents.  In the event the opposing party refuses to stipulate to the authenticity of the documents, Plaintiff may himself authenticate the documents by providing the Court with a Declaration signed under penalty of perjury that provides the details surrounding Plaintiff's review of his file, what the review revealed, the date the review occurred, etc.

**B. REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on

any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). Where a party fails to make the required disclosures, a party may move to compel the production of documents. Fed. R. Civ. P. 37(a).

### 1. Request No. 1

Plaintiff requests a copy of all inmate prison grievances against any of the named Defendants for the period of August 1, 1996, to August 1, 2002. Defendants have objected on the grounds that the requests are overbroad , burdensome, irrelevant, will not lead to the discovery of admissible evidence and they do not have custody or control of such documents.

Plaintiff does not state in his Motion to Compel how these documents would be relevant to his Eighth Amendment claim concerning the hazardous condition of flooding in his cell. Even assuming that prison grievances would lead to evidence that Defendant's had knowledge of the condition, Plaintiff's request is overbroad in that it requests *all* prison grievances against the named Defendants. Due to the lack of information provided by Plaintiff, the Court cannot determine whether the information sought is likely to lead to the discovery of admissible evidence. As such, the objection to the request as overbroad and irrelevant will be sustained.

### 2. Request No. 2.

Plaintiff requests all grievances filed by one staff employee against another staff employee while employed at CSP Corcoran. Defendants object on the grounds that the request is overbroad, burdensome, will not lead to the discovery of admissible evidence and that the Defendants do not have custody or control of such documents. The Court is inclined to agree that the request is overbroad and burdensome. As such, the objection is sustained on those grounds.

### 3. Request No. 3.

Plaintiff requests a copy of  CSP's "Post Orders" for defendant Bryant that covers her entire period of work history at CSP. Defendants object on the grounds that it is overbroad, irrelevant, not likely to lead to discovery of admissible evidence and that they do not have

3

custody or control of such documents.

Plaintiff does not provide any information as to what a Post Order is or why it is necessary to his case. As such, the Court will sustain the objection on the grounds of relevancy.

### 4. Request No. 4.

Plaintiff seeks a full and complete copy of CSP employee work history schedule for Defendant Honest's work schedule at CSP from September 1, 1998, to March 1, 2000. Defendants object that the request is overbroad, irrelevant, not likely to lead to the discovery of admissible evidence and that they do not have possession, custody or control of such documents to the extent that they exist.

Plaintiff does not inform the Court as to the relevancy of such documents in his Motion to Compel. In addition, according to the Complaint, the injury sustained from the flooding occurred in October of 1998, yet Plaintiff is seeking information up to and including March 1, 2000. Again, Plaintiff provides no explanation. As such, Defendant's objection is sustained on the grounds that it is overbroad and irrelevant.

### 5. Request Nos. 5, 6.

Plaintiff is seeking a complete copy of CSP's plumbing work orders for Facility 3A from August 1, 1996, to August 1, 2000, and the work orders for the shower stalls for the same period. Defendants again object that the request is overbroad, irrelevant, not likely to lead to the discovery of admissible evidence and that they do not have possession of such documents. The Court sustains the objection as overbroad and irrelevant.

### 6. Request No. 7.

Plaintiff seeks a full and complete copy of all CSP inmate appeals complaining about prison conditions from January 1, 1996, to January 1, 2002. Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. The Court sustains the objection on the grounds that it is overbroad and burdensome.

### 7. Request No. 8.

Plaintiff request a copy of all CSP logs, memos, employee assignments or other regarding

the assignments given to Defendant Honest from October 1, 1998, to October 1, 1999. Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

Plaintiff provides no explanation as to the necessity of these documents nor does he indicate why he needs the documents spanning such a lengthy period. Accordingly, the Court sustains the objection as overbroad, burdensome and irrelevant.

**8. Request No. 9.**

Plaintiff seeks a full and complete copy of all law suits filed against any employee of CSP under the direct supervision of Defendant Honest while he was employed at CSP. Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

The Court sustains this objection as overbroad, burdensome and irrelevant.

**9. Request Nos. 10, 11.**

Plaintiff seeks a full and complete copy of the CSP daily log for Facility 3A inmate housing units and Facility 3A Program Office (Sergeants daily activity sheet) from January 1, 1998, to January 1, 2002. Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

For the same reasons stated above, the court sustains this objection as overbroad, burdensome and irrelevant.

**10. Request No. 12.**

Plaintiff seeks a full and complete copy of all memorandums, rules, regulations, directives procedures, policies, and or other such documents regarding CSP instructions on its employee assignment or duties being temporarily changed due to staff shortage from January 1, 1993, to January 1, 2000. Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

The Court sustains Defendant's objection to this request as overbroad, burdensome and irrelevant.

**11. Request No. 13.**

Plaintiff seeks a copy of a photograph of CSP's Facility 3A inmate housing unit shower stalls and their drainage, as it exited from January 1, 1996, to October 20, 1998, and/or as it existed on October 2, 1998, and now.

Defendants have objected to his request only on the grounds that they do not have possession, custody, control over such documents, assuming such a document exists.

The Court sustains Defendant's objection on this ground. However, to the extent this information is relevant, Plaintiff may seek permission from the Court to serve a subpoena on the appropriate party requesting the production of documents under Rule 45 of the Federal Rules of Civil Procedure.[2]

### 12. Request No. 14.

Plaintiff seeks a full and complete copy of all incident reports created by Defendants or approved by Defendants that were sent to the Director's Office of CDCR in the normal course of business under their duty to inform the CDCR of CSP operations.

Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

The Court sustains this objection as to being overbroad, burdensome and irrelevant.

### 13. Request No. 15.

Plaintiff requests a full and complete copy of all reports made out by the Warden's office of CSP that were sent to the Director's office depicting inmate accidents from January 1, 1993, to January 1, 2001. Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

Plaintiff again provides no explanation as to why these reports are necessary nor does he limit his request to more specific incidents. As such, the objection is sustained as overbroad, burdensome and irrelevant.

### 14. Request No. 16.

Plaintiff seeks Defendants produce a full and complete copy of Plaintiff's CDCR Central

---

[2] Plaintiff must identify the party to whom he wishes the subpoena be directed and also indicate what information is sought and why such information is necessary.

and Medical files.  Defendants object on the grounds that the request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence.

      Plaintiff does not state why production of his files is necessary to prove his Eighth Amendment claim concerning the conditions of his confinement.  Moreover, as noted by Defendant, Plaintiff's files are situated at the institution where Plaintiff is confined.  Plaintiff has attached various documents from these files to the Requests for Admissions propounded on Defendant Galaza indicating that he has access to these files.  The Court will not order Defendants to produce documents that are equally accessible to both parties.  Therefore, Plaintiff's Motion to Compel production of his CDCR Central and Medical files is DENIED.

## C.  CONCLUSION AND ORDER

      In conclusion, as discussed above, the Court finds the basis on which Defendant Galaza has refused to admit or deny the authenticity of documents in Plaintiff's CDCR central and medical file without merit given the partial responses provided.  The Court has also sustained all of Defendant's Objections to the requests for production of documents on the grounds listed.  Accordingly, the Court HEREBY ORDERS:

      1.    Plaintiff's Motion to Compel is DENIED without prejudice IN PART with respect to the Requests for Production of Documents; and

      2.    GRANTED in part with respect to the Motion to Compel Requests for Admissions.

      3.    Defendant SHALL supplement his responses to the Requests for Admissions within THIRTY (30) days of the date of service of this Order.

IT IS SO ORDERED.

**Dated:   April 10, 2006**          /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE