# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS, | CV F   04 5077 AWI SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT BRYANT FROM ACTION (Doc. 24.) |
| H.L. BRYANT, et. al., | |
| Defendants. | |

Louis Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on January 14, 2004, alleging a violation of his Eighth Amendment rights by defendants H.L. Bryant, G.L. Honest, and G. Galaza.

On June 21, 2005, the Court issued an Order directing the U.S. Marshal to effect service on Defendants H.L. Bryant, G. L. Honest and G. Galaza.  The summonses for Defendants Honest and Galaza were returned to the Court executed on October 2, 2005.  However, the summons was returned unexecuted for Defendant H.L. Bryant on September 28, 2005.

On October 6, 2005, the Court issued a second Order directing the U.S. Marshal to serve process on Defendant H.L. Bryant based on an insufficient response by the California

1

Department of Corrections.[1] On November 28, 2005, the summons was returned unexecuted, indicating that the CDC was unable to locate the Defendant. On December 14, 2005, Plaintiff moved for an order directing the U.S. Marshal to attempt service again. However, on April 10, 2006, the summons was returned unexecuted by the U.S. Marshal yet again.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting* Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (*quoting* Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

As set forth above, the instant action was filed on January 14, 2004, and the U.S. Marshal has attempted service on Defendant Bryant at least three times without success. Although

---

[1] From the Litigation Coordinator's response, it appeared that Defendant Bryant was identified, however, the Court found that the response that Defendant Bryant was no longer at Corcoran incomplete. Thus, the U.S. Marshal attempted service for a third time which produced the final return of service indicating that Defendant Bryant was AWOL.

1  Plaintiff has requested that the Court direct the U.S. Marshal to attempt service yet again, he
2  provides no information as to the whereabouts of Defendant Bryant such that service can be
3  effected.  According to the summons returned, the U.S. Marshal contacted the Legal Affairs
4  Division and was informed that the named Defendant has "gone AWOL (absence without leave)
5  from the facility and [had] no forwarding address."  (Doc. 34.)  Based on this information and the
6  lack of updated information regarding the whereabouts of Defendant Bryant, the Court HEREBY
7  RECOMMENDS that Defendant H.L. Bryant be DISMISSED from the action for failure to
8  effect service.

9       The Court HEREBY ORDERS that these Findings and Recommendations be submitted
10 to the United States District Court Judge assigned to this action pursuant to the provisions of 28
11 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
12 District Court, Eastern District of California.  Within TWENTY (20) days after being served
13 with a copy of these Findings and Recommendations, any party may file written Objections with
14 the Court and serve a copy on all parties.  Such a document should be captioned "Objections to
15 Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
16 and filed within TEN (10) court days (plus three days if served by mail) after service of the
17 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
18 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
19 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
20 (9th Cir. 1991).
21 IT IS SO ORDERED.
22 **Dated:   June 6, 2006**                    **/s/ Sandra M. Snyder**
   icido3                                     UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28