# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | CV F   04 5077 AWI SMS P |
| LOUIS FRANCIS, | ORDER GRANTING MOTION FOR RECONSIDERATION AND DENYING |
| Plaintiff, | MOTION TO COMPEL (Docs. 36, 32.) |
| v. | ORDER GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE OF RULE 45 SUBPOENAS AND DIRECTING CLERK OF COURT TO |
| H.L. BRYANT, et. al., | ISSUE SUBPOENAS (Doc. 37) |
| Defendants. / | ORDER GRANTING REQUEST TO EXTEND DISCOVERY DEADLINE (Doc. 38.) |

Louis Frances ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on January 14, 2004, alleging a violation of his Eighth Amendment rights by defendants H.L. Bryant, G.L. Honest, and G. Galaza.  On October 17, 2005, the Court issued a Scheduling and Discovery Order setting the deadline for discovery as June 19, 2006.

On March 20, 2006, Plaintiff moved to compel discovery.  The Court denied the Motion in part and granted it in part on April 12, 2006.  On April 17, 2006, Defendants moved for reconsideration of the Order granting the Motion to Compel.  Plaintiff did not respond to the Motion for Reconsideration.

On May 1, 2006, Plaintiff filed a Request for leave to serve subpoenas on non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Plaintiff also moved to extend the discovery deadline on May 30, 2006.  Defendants opposed the Motion on June 1, 2006.

1

**A.  MOTION FOR RECONSIDERATION**

Rule 60 allows the court to reconsider its decisions and provides relief from judgment or order for a variety of enumerated reasons. See Fed.R.Civ.P 60. Rule 60(b)(1) states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]"  Fed.R.Civ.P. 60(b)(1).  Fed.R.Civ.P. 60(b)(6) provides that a judgment may be vacated for "any other reason justifying relief from the operation of the judgment."

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F.Supp. 429, 430 (D.Haw.1996).  Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. See Mustafa v. Clark County School Dist., 157 F.3d 1169, 1178-79 (9th Cir.1998); Great Hawaiian Fin. Corp. v. Aiu, 116 F.R.D. 612, 616 (D.Haw.1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir.1988).  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  Hawaii Stevedores. Inc. v. HT & T Co., 363 F.Supp.2d 1253, 1269 (D.Haw.2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.2003) (*citing* Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir.2000)).

In this case, Defendants argue that the Court mistakenly inferred that Defendant Galaza or his Attorney has possession, custody or control over Plaintiff's medical file because Defendant or his attorney has possession of some of the documents contained in that file.  (Motion at 4.) Defendant states that the only reason his attorney was able to respond to some of Plaintiff's

requests only because he had requested selected documents from Plaintiff's central and medical files at the outset of the case. Id. at 5. Defendant contends further that although Defendants may *request* such documents and that such request might be honored, they have no legal right to demand or obligation to obtain the documents. As such, Defendants declined to request the documents in order to respond to Plaintiff's discovery requests. Defendants argue that the Court's Order denying the Motion to Compel is "unfair."

While technically the Defendants are correct that they are not "legally obligated" to obtain the requested documents to produce or authenticate them, the Office of the Attorney General has been cooperative in this regard for many years in order to streamline the litigation of Section 1983 actions filed by inmates and to preserve both judicial and state government resources. This is especially true where, as in this instance, counsel can and has obtained the requisite documents at the outset of the case. However, in this case, Counsel for Defendants has elected to forestall the process by requiring Plaintiff to seek permission to serve subpoenas on non-parties in order to obtain documents which Defendants concede they may have obtained by making such a request. As a result, the United States Marshal will be required to serve non-parties on Plaintiff's behalf and any non-parties will have to retain legal counsel in order to move to quash any subpoenas served should they desire to so move. Again, while Defendant's are legally correct, the Court looks at Defendant's unwillingness to cooperate create a waste of judicial and legal resources for all concerned. The request for reconsideration is GRANTED and the Motion to Compel is DENIED.

**B. MOTION FOR RULE 45 SUBPOENAS**

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties by subpoena. Fed. R. Civ. P. 45 ("Rule 45"). The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." Rule 45, Advisory Committee Note (1970). Under Rule 34 which governs the production of documents between parties, the proper scope of discovery is as specified in Rule 26(b). Fed. R. Civ. P. 34. See also Heat & Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017 (Fed.Cir.1986) ("rule 45(b)(1) must be read in light of Rule 26(b)"); Exxon Shipping Co. v. U.S. Dept. of Interior, 34 F.3d 774, 779 (9th

1  Cir.1994) (applying both Rule 26 and Rule 45 standards to rule on a motion to quash subpoena).
2  Rule 26(b), in turn, permits the discovery of any non-privileged material "relevant to the claim or
3  defense of any party," where "relevant information need not be admissible at trial if the discovery
4  appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1).
5  For the purposes of discovery, relevancy is defined broadly, however, it is not without "ultimate
6  and necessary boundaries."  <u>Pacific Gas and Elec., Co. v. Lynch</u>, No. C-01-3023 VRW, 2002 WL
7  32812098, at *1 (N.D.Cal. August 19, 2002) (*citing* <u>Hickman v. Taylor</u>, 329 U.S. 495, 507, 67
8  S.Ct. 385 (1947)).

9      In this case, Plaintiff has requested eight (8) subpoenas for various documents he wishes
10  to obtain.  Plaintiff's requests appear relevant to his Eighth Amendment conditions of
11  confinement claim.  Accordingly, the requests for subpoenas is GRANTED.  The Clerk of Court
12  will be DIRECTED to forward Plaintiff eight (8) *unissued* subpoenas which Plaintiff will be
13  required to complete and return to the Court for service by the U.S. Marshal.

14  **C. MOTION TO EXTEND DISCOVERY DEADLINE**

15      On May 30, 2006, Plaintiff moved to extend the discovery deadline.  Plaintiff indicated
16  that pending before the Court was Plaintiff's Rule 45 Motion and that were the Court to grant the
17  request, more time would be needed to serve the subpoenas on the non-parties.

18      Defendant's Opposed the Motion on June 1, 2006, stating that Plaintiff had sufficient
19  time to conduct all discovery, Defendant's have responded to all discovery propounded and thus,
20  the request should be denied.

21      While the Court generally affords the parties ample time to conduct discovery, in this
22  case, Plaintiff could not propound discovery on non-parties without court permission.  As noted
23  above, Plaintiff utilized the discovery mechanisms available to him to obtain numerous
24  documents from Defendants but was unable to do so and thus, he timely requested the issuance
25  of Rule 45 subpoenas.  Also pending before the Court was the instant Motion for
26  Reconsideration of the Order granting Plaintiff's Motion to Compel in part and denying in part,
27  the resolution of which would necessarily affect whether or not a Rule 45 subpoena was
28  necessary.  Contrary to Defendant's contention that Plaintiff has not demonstrated good cause,

the Court finds Plaintiff's efforts and inability to obtain documents sought within the designated time frame are good cause for an extension of the discovery deadline.  Accordingly, Plaintiff's request is GRANTED.  Court will reset the discovery, amended pleadings and dispositive motion deadlines below.

**D. ORDER**

  The Court HEREBY ORDERS:

  1. The Motion for Reconsideration is GRANTED and Plaintiff's Motion to Compel is DENIED;

  2. The Motion for Rule 45 Subpoenas is GRANTED;

  3. The Clerk of Court is DIRECTED to forward Plaintiff eight (8) ***UNISSUED*** subpoenas.  **Plaintiff is to complete and return the subpoenas to the Court within thirty (30) days of the date of service of this Order**;[1] and

  4. Plaintiff's Motion to Extend the Discovery Deadline is GRANTED.  The following deadlines shall now apply to this case:

   Discovery Deadline -   08/2506
   Amended Pleadings Deadline - 09/25/06
   Dispositive Motion Deadline - 10/25/06

IT IS SO ORDERED.

**Dated: June 6, 2006**      **/s/ Sandra M. Snyder**
icido3           UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff should take care to direct the subpoenas to the appropriate party having custody or control over the documents sought.

5