# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>          Plaintiff,<br><br>   v.<br><br>H.L. BRYANT, et. al.,<br><br>          Defendants. | CV F   04 5077 AWI SMS P<br><br>ORDER DIRECTING CLERK OF COURT TO ISSUE SUBPOENAS (Doc. 37)<br><br>ORDER DIRECTING PLAINTIFF TO COMPLETE AND RETURN SUBPOENAS |

     Louis Frances ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

     On June 7, 2006, this Court granted Plaintiff's request for the issuance of eight (8) Rule 45 Subpoenas. Plaintiff was directed to complete the subpoenas and return them to the Court. On June 19, 2006, and June 22, 2006, Plaintiff submitted five (5) of the eight (8) subpoenas. Plaintiff indicated that the Court's Order did not require the return of all eight of the subpoenas at the same time and that Plaintiff neglected to record all of the records on the first set of subpoenas he had returned to the Court on June 19, 2006. However, to date, the Court has only received five of the eight subpoenas

and, as a result, service has not yet been effected. In addition, the Court finds the time allotted to a non-party for production of certain documents was not sufficient.

Under Rule 45, a party responsible for the issuance of a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena and the Court may impose sanctions for failure to comply. Fed.R.Civ. P. 45(c)(1), (3)(A)(iv). The Court may entertain and quash or modify a subpoena if it fails to allow a reasonable time for compliance or undue burden. Fed.R.Civ.P. 45(c)(3)(A).[1]

In this case, Plaintiff returned the documents to the Court on June 19, 2006, and June 22, 2006, and requested production of the documents from non-parties on July 14, 2006, and July 22, 2006. Plaintiff is seeking numerous records and documents spanning at least the course of a year and the subpoenas do not appear to take into consideration the time needed to review records or allow for the U.S. Marshal to effect service on Plaintiff's behalf. Plaintiff's case is not the only civil rights case pending in this Court nor is it the only case in which the U.S. Marshal is required to effect service on behalf of a prisoner.

Finally, Plaintiff may not retain in his possession unissued subpoenas. The Court has already extended the discovery deadline and directed the Clerk of Court to provide Plaintiff with the unissued subpoenas based on information provided in the Motion for Rule 45 Subpoenas. Thus, Plaintiff may not retain these unissued subpoenas but must complete them as indicated in his Motion for Rule 45 subpoenas and this Court's Order Granting that request. The Court will not consider extending the discovery deadline further on the basis that Plaintiff failed or declined to submit all of the subpoenas in a timely manner given he was aware of the information he needed when he filed his Motion for the Subpoenas on May 1, 2006.

Accordingly, the Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to forward Plaintiff five (5) *UNISSUED* subpoenas. **Plaintiff is to complete and return ALL eight (8) of the subpoenas to**

---

[1] Plaintiff is reminded that a non-party is only required to produce for inspection and copying the records listed in the subpoena and the non-party may be commanded to produce only documents that are "not privileged" and "relevant to the claim or defense of any party." Fed.R.Civ.P. 45(a)(1)(C), 26(b)(1).

1  **the Court within TWENTY (20) days of the date of service of this Order.**[2]

2  Plaintiff's failure to comply with this Order may result in a Recommendation that the action be

3  DISMISSED for failure to prosecute.

6  IT IS SO ORDERED.

7  **Dated:    July 17, 2006**                          /s/ Sandra M. Snyder
   icido3                                               UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff should take care to direct the subpoenas to the appropriate party having custody or control over the documents sought. Should Plaintiff require further guidance, he may refer to Rule 45 of the Federal Rules of Civil Procedure in its entirety.