# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>                    Plaintiff,<br><br>         v.<br><br>H.L. BRYANT, et. al.,<br><br>                    Defendants.<br>_____/ | CV F   04 5077 REC SMS P<br><br>ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE (Doc. 60)<br><br>ORDER DENYING MOTION TO COMPEL (Doc. 58)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT (Doc. 61)<br><br>ORDER GRANTING PLAINTIFF 20 DAYS TO RENEW MOTION<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN LODGED AMENDED COMPLAINT |

Louis Frances ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 7, 2006, the Court granted Plaintiff's May 30, 2006, request to extend the discovery deadline to and including August 25, 2006.

On August 28 and 29, 2006, Plaintiff filed a Motion to Compel Discovery and a Motion to Extend the Discovery Deadline.  Plaintiff states that he propounded more discovery on Defendant Galaza and as of the date he filed these Motions, he had not received the responses to the Interrogatories.  Defendants filed an Opposition to the Motion to Compel on August 29,

2006, and Plaintiff filed a Reply to the Opposition on September 8, 2006.

On August 28, 2006, Plaintiff also filed a Motion to Amend the Complaint to add a second cause of action to the Complaint against Defendants Galaza and Honest.

**A.  MOTION TO EXTEND DISCOVERY DEADLINE & MOTION TO COMPEL**

As noted above, Plaintiff has moved to extend the discovery deadline on the grounds that he has not yet received responses to the interrogatories he propounded on Defendant Galaza on June 24, 2006.  It is for this reason that Plaintiff seeks to extend the discovery deadline.

Defendants state that the deadline to respond to the interrogatories was incorrectly calendared and that Plaintiff would receive the responses by September 11, 2006.  Thus, a Motion to Compel is not necessary.

To date, neither party has informed the Court as to whether Plaintiff has received the responses to interrogatories propounded on Defendant Galaza on June 11, 2006.  In any event, for the following reasons, the Court will deny Plaintiff's Motion to Extend the Discovery Deadline and subsequent Motion to Compel.

On June 7, 2006, the Court extended the discovery deadline at Plaintiff's request on the basis that without such extension, Plaintiff would not have sufficient time to serve Rule 45 subpoenas on non-parties.  The Court agreed and it was on that basis that the discovery deadline was extended.  Plaintiff's request did not indicate in any way that it was his intention to continue to propound discovery on the parties.  Thus, although the Order did not so limit, it did not specifically contemplate that Plaintiff would continue to propound discovery on the parties. Accordingly, the Motion to Compel and Motion to Extend the Discovery Deadline is DENIED.[1]

**B. MOTION TO AMEND COMPLAINT**

Plaintiff moved to Amend his Complaint on August 28, 2005.  Plaintiff states that he wishes to add a First Amendment claim (access to court) and retaliation against Defendant Galaza and Honest.  Defendants filed an Statement of Non-Opposition to the Motion on August 30, 2006.

---

[1] Defendants indicate in their Opposition to the Motion to Compel that Plaintiff would receive the responses by September 11, 2006.  To date, there is no indication from Plaintiff that he has not received them.

A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal. Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

The instant case is proceeding on Plaintiff's original complaint filed on January 14, 2004, against Defendants Honest and Galaza for an Eighth Amendment violation relating to the alleged flooding of Plaintiff's cell in October of 1998, resulting in an injury to Plaintiff. Plaintiff now seeks to add a retaliation claim and access to the courts claim.

As a preliminary matter, Plaintiff's lodged amended Complaint does not state sufficient facts to state a claim for denial of access to courts.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff has alleged no facts giving rise to an access to courts claim. To the extent Plaintiff is alleging a violation of the First Amendment based on the right to file an inmate appeal, he also fails to state a claim. There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison]

grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Accordingly, the Motion to Amend is DENIED with regard to the First Amendment claim for failure to state a claim for relief.

Plaintiff also indicates that he seeks to file a retaliation claim. However, Plaintiff does not state why he is only now seeking to amend the Complaint when the case has been pending for almost three years. Moreover, there is no indication that Plaintiff has exhausted his administrative remedies with respect to the retaliation claim.

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter v. Nussle, 435 U.S. 516, 524 (2002) (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (*emphasis added*). Thus, Plaintiff may not have exhausted this claim during the time this suit was pending. McKinney, 311 F.3d at 1199-1201.

At this time, Plaintiff's Motion to Amend the Complaint is insufficient in that it does not state why Plaintiff did not seek to amend to add this claim earlier or that the claim was exhausted prior to January 14, 2004, when this action was filed. Based on the above, and the interests of judicial economy, Plaintiff's Motion to Amend the Complaint is DENIED without prejudice. Plaintiff may renew his Motion to Amend within twenty days to provide an explanation as to the delay and make a showing that he has exhausted his administrative remedies.[2]

---

[2] Plaintiff may make such a showing by providing the Court with a photocopy of his inmate appeals concerning the retaliation issue (not the cell flooding) as that is the issue he seeks to now include in the Complaint.

**C. ORDER**

    1.     The Motion to Extend the Discovery Deadline is DENIED:

    2.     The Motion to Compel is DENIED; and

    3.     The Motion to Amend the Complaint is DENIED without prejudice to a renewal of the Motion; and

    4.     Plaintiff may file a renewed Motion to Amend within TWENTY (20) days of the date of service of this Order should he so desire.

    5.     The Clerk of Court is DIRECTED to return the lodged Amended Complaint to Plaintiff.

IT IS SO ORDERED.

**Dated:**    **October 4, 2006**                       /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE