# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>             Plaintiff,<br><br>       v.<br><br>H.L. BRYANT, et. al.<br><br>             Defendants.<br>_____ / | CV F   04  5077 AWI SMS P<br><br>ORDER VACATING HEARING SET FOR NOVEMBER 6, 2006, 1:30 PM.<br><br>ORDER STRIKING MOTION TO QUASH FROM RECORD (Doc. 65.)<br><br>ORDER DIRECTING CLERK OF COURT TO "TERM" THIRD PARTY PLAINTIFF<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COUNSEL FOR CDCR WITH COPY OF THIS ORDER |

   Louis Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   On September 29, 2006, the California Department of Corrections and Rehabilitation ("CDCR")  filed a Motion to Quash and/or Modify Rule 45 subpoenas and set the matter for hearing before the Honorable Anthony W. Ishii on November 6, 2006, at 1:30 p.m.

   As a preliminary matter, pursuant to Local Rule 78-230(m), all motions filed in cases wherein one party is incarcerated and proceeding in *propria persona*, "shall be submitted upon the record without oral argument unless otherwise ordered by the court."  Local Rule 78-230(m). Such motions need not be noticed on the motion calendar.  Id.   Further, the Local Rules provide

1  that all discovery motions are to be heard by the Magistrate Judge and not the District Court
2  Judge.  Local Rule 72-302(c)(1).  Accordingly, the hearing set before Judge Anthony Ishii on
3  November 6, 2006, will be VACATED.
4       The Court notes further that the CDCR has failed to serve the Plaintiff with a copy of the
5  Motion to Quash filed.  Pursuant to the Local Rules and the Federal Rules of Civil Procedure, all
6  pleadings filed with the Court <u>must be served on each of the parties to the case</u>.  Local Rule 5-
7  135(b); Fed.R.Civ.P. 5.
8       In this case, no declaration of service was attached to the Motion to Quash filed on
9  September 29, 2006.  It is possible that the CDCR believes that Plaintiff would be electronically
10 served because the pleading was electronically filed.  However, the Local Rules specifically
11 require that persons not registered for electronic service (e.g. prisoners or pro se litigants) or have
12 not consented to receive electronic service, must be served conventionally.  Local Rule 5-135(b).
13 The Notice of electronic filing identifies the Plaintiff in this action as a party who must be
14 conventionally served.   As the CDCR has failed to serve Plaintiff with a copy of the Motion to
15 Quash the subpoenas, Plaintiff has been deprived of his right to respond to the Motion.
16 Accordingly, the Motion to Quash will be STRICKEN from the record.
17      Finally, the Court notes that when the CDCR electronically filed its Motion to Quash the
18 Subpoenas, they listed themselves as a "Third Party Plaintiff."[1]  However, no order joining the
19 CDCR as a party to this action has issued.  This appears to be a mistake on the part of the CDCR.
20 As such, the Court will DIRECT the Clerk of Court to "term" the CDCR as a party to the case
21 and will DIRECT the Clerk of Court to serve the CDCR on Court Orders issued pertaining to the
22 Motion to Quash.  Plaintiff is also informed that when responding to pleadings filed by a third or
23 non-party, he must serve that party with a copy of the pleading by mail.
24      Based on the above, the Court HEREBY ORDERS:
25      1.    The hearing set before the Honorable Anthony W. Ishii on November 6, 2006, is
26            VACATED; and

---

[1] Should the CDCR wish to file such pleadings in the future, it should choose to identify itself as a "movant" in the CMECF system rather than a party to the action.

2.   The Motion to Quash the Subpoenas filed September 29, 2006 (Doc. 65-1) is Ordered STRICKEN from the record.

3.   The Clerk of Court is DIRECTED to "term" the CDCR as a Third Party Plaintiff in this action.

4.   The Clerk of Court is DIRECTED to serve counsel for the CDCR with a copy of this Order.

IT IS SO ORDERED.

**Dated:   October 4, 2006**                    /s/ Sandra M. Snyder
icido3                                          UNITED STATES MAGISTRATE JUDGE