1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS, | CV F 04 5077 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER ADOPTING FINDINGS AND RECOMMENDATIONS ISSUED JUNE 7, 2006. (Doc. 79) |
| H.L. BRYANT, et. al., | |
| Defendants. | |

   Louis Frances ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

   On June 7, 2006, the Magistrate Judge assigned to the case issued Findings and Recommendations that Defendant Bryant be dismissed from the action. (Doc. 41.) The Court adopted the Findings and Recommendations on September 27, 2006. (Doc. 64.) Plaintiff is now seeking reconsideration of the Order Adopting the Findings and Recommendations.

   Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing

1

nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).   When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In this case, Plaintiff alleges that the Magistrate Judge erred by overlooking the fact that "Defendant Bryant has already been served with summons and complaint alleging the identical facts and causes of action for which Plaintiff plead against Bryant in this matter . . . back in 1999."  (Motion at 2.)

The Findings and Recommendations detail the efforts made by the U.S. Marshal to serve Defendant Bryant with the summons and complaint in this action.  According to the Findings and Recommendations, the U.S. Marshal attempted service on Defendant Bryant at least three times, all of which were unsuccessful. Plaintiff was not able to provide further information to the U.S. Marshal to assist in having Defendant Bryant served.  As such, the Court recommended dismissal of Defendant Bryant for lack of service.  Plaintiff is now asking the Court to reconsider its Order Adopting the Recommendation on the basis that Defendant Bryant was previously served in an action filed by Plaintiff in 1999.  (Motion at 2.)  However, the instant action was instituted on January 14, 2004.  The Court cannot deem Defendant Bryant served simply because he was served with a Complaint from a prior action that made the same allegations.  This would be insufficient to provide Defendant Bryant with notice of the existence of the instant action. Plaintiff asserts that the dismissal of Defendant Bryant is unfair because it is not his fault that Defendant Bryant cannot be found.  (Motion at 2.)  It would be equally unfair, however, to keep Defendant Bryant as a Defendant when he/she has no notice that this action has been filed.

Finally, Plaintiff alleges that the U.S. Marshal did not make sufficient efforts to find Defendant Bryant.  However, the U.S. Marshal can only attempt to serve the named Defendants at the place identified by the Plaintiff.  It is not the responsibility of the U.S. Marshal to conduct an investigation into the whereabouts of Defendants named in a Plaintiff's action. For this reason

1 the Court sends the Plaintiff the summons to complete and return to the Court. The fact that
2 Plaintiff has been granted *in forma pauperis* status only relieves him of the burden of having to
3 serve the Defendants himself. It does not entitle him to an investigation into the whereabouts of
4 each Defendant named.
5      Accordingly, Plaintiff has failed to provide the Court with convincing evidence to
6 reverse its Order Adopting the Recommendation. As such, the Motion for Reconsideration is
7 DENIED.[1]

9 IT IS SO ORDERED.
10 **Dated:   November 19, 2006**                  /s/ Anthony W. Ishii
    0m8i78                                              UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff asks this Court to construe his pleading as a Notice of Appeal if it denies his request for reconsideration. The Court declines to do so. Should Plaintiff wish to appeal this Order, he may do so by filing a separate Notice of Appeal.