1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

### EASTERN DISTRICT OF CALIFORNIA

11

12  LOUIS FRANCIS,                          CV F   04 5077 REC SMS P

13                      Plaintiff,

14       v.                                 ORDER TO SHOW CAUSE WHY THE
                                            ACTION SHOULD NOT BE DISMISSED FOR
15                                          FAILURE TO EXHAUST ADMINISTRATIVE
                                            REMEDIES
16  H.L. BRYANT, et. al.,

17                      Defendants.
    _____/

18

19       Louis Frances  ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

20  this civil rights action pursuant to 42 U.S.C. § 1983.

21       On October 27, 2006, Defendants moved for judgment on the pleadings alleging that

22  Plaintiff's action was barred by the statute of limitations.  Plaintiff opposed the Motion

23  contending that he was entitled to equitable tolling for the time his prior civil rights case raising

24  the same claims against the same defendants was pending in this Court.[1]  Defendants filed a

25
    _____

26       [1]The Court takes judicial notice of <u>Francis v. Galaza</u>, CV-F-99-5095 AWI TAG P. The Court may take
    judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy
27  cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir.
    1993).  Judicial notice may be taken of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1
28  (N.D.Cal.1978), <i>aff'd</i>, 645 F.2d 699 (9th Cir.); <u>see also</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir.
    1989); <u>Rodic v. Thistledown Racing Club, Inc.</u>, 615 F.2d 736, 738 (6th Cir. 1980).

Reply arguing that equitable tolling was in applicable to Plaintiff's case.  Defendants also indicate in a footnote that the allegations in the instant action are unexhausted.  Defendants cite to the prior civil rights case wherein both the Eighth Amendment claim raised here as well as a retaliation claim were found to be unexhausted.  The Ninth Circuit affirmed the dismissal on this basis as to the Eighth Amendment claim and remanded for further proceedings as to the retaliation claim.  A subsequently dismissal for failure to exhaust the retaliation claim is currently pending before the Ninth Circuit.  However, as noted above, it appears that the instant action containing the Eighth Amendment claim raised and rejected previously as unexhausted remains unexhausted in this action.  The Court finds the resolution of the exhaustion issue may be pertinent to Plaintiff's claim for equitable tolling.  Accordingly, the Court HEREBY ORDERS:

1.     Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies within twenty (20) days of the date of service of this Order; and

2.     Defendants SHALL file a RESPONSE to Plaintiff's Return to the Order to Show Cause within twenty (20) days of the date Plaintiff files his Return to the Order to Show Cause.  Defendants may make argument regarding exhaustion and include supporting evidence at this time.

IT IS SO ORDERED.

**Dated:    December 13, 2006**                     _____/s/ Sandra M. Snyder_____
icido3                                              UNITED STATES MAGISTRATE JUDGE

2