1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7   LOUIS FRANCIS,                           CV F   04 5077 REC SMS P

8                         Plaintiff,

9         v.                                 ORDER DENYING MOTION FOR
                                             RECONSIDERATION OF ORDER TO SHOW
                                             CAUSE (Doc. 106-1)

10

11   H.L. BRYANT, et. al.,                   ORDER GRANTING PLAINTIFF THIRTY (30)
                                             DAYS TO FILE RETURN TO ORDER TO
                         Defendants.         SHOW CAUSE (Doc. 106-2)
12   _____/

13

14        Louis Frances  ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

15   this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on the

16   original complaint filed on January 14, 2004, alleging an Eighth Amendment violation against

17   Defendants Galaza and Honest for allowing water to accumulate in his cell and the resulting fall

     causing him injury.

18        On October 27, 2006, Defendants filed a Motion for Judgment on the pleadings asserting

19   that the instant action is barred by the statute of limitations.  Plaintiff filed an Opposition to the

20   Motion on November 13, 2006.  In the Opposition, Plaintiff indicated that he filed the instant

21   action before a *de novo* review of a prior civil rights action raising the same claims against the

22   same defendants.  That action also alleged a retaliation claim.  Plaintiff stated that the Court

23   recommended dismissal in that case on the basis that Plaintiff had failed to exhaust his

24   administrative remedies.  Before the District Court adopted the Findings and Recommendations

25   thereby resolving that case, Plaintiff initiated this action because he wanted to ensure that his

26   claim was not barred by the statute of limitations.  Plaintiff concedes in this pleading that the

27   claims in this action and the claims raised in that action, which are pending on appeal, are

28

1    identical.  (Opposition at 2:13-14.)

2            Defendants then filed a Reply to the Opposition on November 16, 2006.  In the Reply

3    Defendants also recounted the proceedings in Plaintiff's first case, Case No.  CV F 99-5905 AWI

4    LJO, and provide updated information regarding the appeal.  Defendants state that on December

5    12, 2002, the Ninth Circuit issued an unpublished decision affirming judgment on the Eighth

6    Amendment claim (that the dismissal for lack of exhaustion was proper) and remanding the case

7    on the retaliation claim.  (Reply to Opposition at 4.)  At the District Court level, the defendants

8    again moved to dismiss the retaliation claim for lack of exhaustion and the Motion was granted.

9    Plaintiff appealed and the case is again awaiting review in the Ninth Circuit. Id.  Defendants

10   argue that this case is evidence that Plaintiff did not exhaust his administrative remedies with

11   respect to the Eighth Amendment raised in this action before he filed suit on January 14, 2004.

12   Thus, Defendants argue, the case should be dismissed again for lack of exhaustion.  Defendants

13   state in a footnote that at the time the 12(b)(6) motion deadline expired in the instant action, the

14   controlling authority held that a grievance rejected for untimeliness meant that the inmate had

15   exhausted his administrative remedies.  Subsequent to the expiration of the deadline, however,

16   the law changed.  Because the unenumerated 12(b)(6) motion deadline has expired, Defendants

17   state that they will seek leave to file a 12(b)(6) motion should the Court recommend that the

18   Motion for dismissal on statute of limitations grounds be denied.

19           On December 15, 2006, and based on the information provided by Plaintiff in his

20   Opposition and by Defendants in their Reply, this Court issued an Order to Show Cause why the

21   action should not be dismissed for Plaintiff's failure to exhaust his administrative remedies prior

22   to initiating this action.  Rather than filing a Return to the Order to Show Cause, Plaintiff

23   submitted a Motion for Reconsideration of the Order to Show Cause citing the Supreme Court's

24   recent decision in Jones v. Bock, 127 S.Ct. 920 (2007.)  Plaintiff alleges that the Court has

25   exceeded its authority by ordering him to show cause on the issue of exhaustion because it is an

26   affirmative defense that must be raised and proved by the Defendants.

27           Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick

28   Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th

1  Cir. 1983) (en banc).  The Local Rules provide that when filing a motion for reconsideration, a

2  party  show that the "new or different facts or circumstances claimed to exist which did not exist

3  or were not shown upon such prior motion, or what other grounds exist for the motion."   Local

4  Rule 78-230(k)(3).

5       Plaintiff's Motion to Reconsider the Order denying the Motion to Dismiss is not based on

6  any new facts or law not in existence at the time the Order to Show Cause issued.  Although

7  Jones v. Bock, 127 S.Ct. 920 (2007), issued in January of this year, the law that a Motion to

8  Dismiss for exhaustion is an affirmative defense has been established since the issuance of Wyatt

9  v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

10      In addition, this Court has the authority to dismiss a case when a Plaintiff concedes

11  exhaustion. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A

12  prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").  Although

13  Plaintiff states that he expressly "pleaded" that he exhausted his administrative remedies in his

14  Complaint, Plaintiff also states plainly in his Opposition that when he initiated this action, his

15  prior action, dismissed for failure to exhaust, was not yet resolved by the District Court -

16  meaning, the Eighth Amendment claim was not exhausted before he initiated this action.  It is for

17  this reason that the Court issued the Order to Show Cause.   Because Plaintiff cites no new facts

18  or circumstances warranting reconsideration of the Order to Show Cause, the Court will deny the

19  Motion.

20      The Court HEREBY ORDERS:

21  1.    The Motion for Reconsideration of the Order to Show Cause is DENIED; and

22  2.    The request for an extension of time to file a Return to the Order to Show Cause is

23        GRANTED.  The Return to the Order to Show Cause is due within THIRTY (30)

24        days of the date of service of this Order.

25  IT IS SO ORDERED.

26  Dated:   **February 16, 2007**            **/s/ Sandra M. Snyder**
    icido3                              UNITED STATES MAGISTRATE JUDGE

27

28

                                3