# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS, | CV F 04 5077 REC SMS P |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINE (Doc. 89) |
| v. | |
| H.L. BRYANT, et. al., | |
| Defendants. | ORDER DENYING REQUEST FOR RECONSIDERATION THAT DEFENDANTS FILED AN OPPOSITION TO THE MOTION TO COMPEL (Doc. 88.) |

Louis Frances ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 27, 2006, Plaintiff filed two separate Motions for Reconsideration of Orders previously issued by this Court. First, Plaintiff moved the Court to reconsider an Order finding that the Defendants filed an opposition to Plaintiff's Motion to Compel on August 29, 2006. (Doc. 88.) Plaintiff also filed a Motion to Reconsideration an Order denying extension of the discovery deadline. (Doc. 89.) The Court will address each Motion separately.

**A. Reconsideration Standard**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th

1

1  Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a
2  party show that the "new or different facts or circumstances claimed to exist which did not exist
3  or were not shown upon such prior motion, or what other grounds exist for the motion." Local
4  Rule 78-230(k)(3).

5  **B. Motion for Reconsideration of Finding that Defendants filed an Opposition**

6      Plaintiff contends that on October 4, 2006, this Court issued an Order denying Plaintiff's
7  Motion to Compel that indicated that the Defendants filed an Opposition to the Motion to
8  Compel on August 29, 2006, and that Plaintiff filed a Reply to the Opposition on September 8,
9  2006. Plaintiff states that he did not receive such an Opposition and thus, the Court should
10 reconsider its Order denying the Motion to Compel.

11     According to the Court Docket, Plaintiff filed a Motion to Compel on August 29, 2006.
12 (Doc. 58.) Plaintiff is correct that Defendants did not file an Opposition to the Motion to Compel
13 as indicated in the Court Order. However, the Defendants did file an Opposition to the request to
14 extend the discovery deadline on August 29, 2006. (Doc. 56.) In that Motion, Defendants
15 indicated that the responses would be served by September 11, 2006. Id. These responses were
16 the very responses Plaintiff was seeking to compel in his Motion to Compel also filed on August
17 29, 2006. Thus, although Defendants did not formally file an Opposition to the Motion to
18 Compel, the Opposition to the Motion to Extend the Discovery deadline addressed the substance
19 of Plaintiff's Motion to Compel. As a result, the Court issued its Order resolving both the
20 Motion to Compel and Motion to Extend the Discovery deadline in one Order. (Doc. 71.) That
21 the Court mistakenly stated in its Order that Defendants filed a formal Opposition to the Motion
22 to Compel is of no consequence. Even were it of significance, Plaintiff moved to withdraw his
23 Motion to Compel on interrogatories on October 12, 2006. (Doc. 78-2.) Thus, the fact that
24 Plaintiff was not served with an Opposition that was not filed by Defendants does not affect
25 whether this Court should reconsider an Order denying Plaintiff's Motion to Compel, a Motion
26 he later sought to withdraw. Accordingly, Plaintiff has presented no new facts warranting
27 reconsideration of the Order denying the Motion to Compel issued on October 5, 2006, and the
28 Motion is DENIED.

**B. Motion for Reconsideration of Order Denying Extension of Discovery Deadline**

Plaintiff also seeks reconsideration of the Court's Order denying his request to extend the discovery deadline also issued on October 5, 2006. Plaintiff states that the Court's Order indicated that Plaintiff's only reason for requesting to extend the discovery deadline was because Plaintiff had not received responses to the Requests for interrogatories and that this is untrue. Plaintiff states that he needed to extend the discovery deadline so that he could move to compel compliance with subpoenas in the event the non-parties did not comply. Plaintiff misunderstands this Court's Order dated October 5, 2006.

In that Order, the Court informed Plaintiff that the discovery deadline was extended only to allow Plaintiff to propound subpoenas on the non-parties to the action. Despite that initial extension of the discovery deadline, the Plaintiff propounded further interrogatories on the Defendants. When Plaintiff moved to extend the discovery deadline, he based that request on the fact that he had not received the responses to the interrogatories served on the Defendants. Because the Defendants had informed the Court on August 29, 2006, in the Opposition to the Motion to Extend the discovery deadline, that the responses to the interrogatories were to be served by September 11, 2006, and the date of the Court's Order resolving the Motion to Compel responses to interrogatories and the Motion to Extend the Discovery deadline was October 5, 2006, the Court saw no need to further extend the discovery deadline with respect to any discovery *other than* the discovery sought from non-parties and approved by the Court.

Plaintiff is correct, however, that his Motion to extend the discovery deadline also indicated the more time was needed with regard to the subpoenas served on the non-parties. However, the Court's Order only addressed the request with respect to any interrogatories served on the Defendants. In light of this oversight, the Court will GRANT Plaintiff's Request for Reconsideration with respect to extending the discovery deadline (as it applies to non-party subpoenas only) and will re-set the discovery deadline below. Plaintiff's Motion to extend that

3

deadline for the purpose of completing discovery on non-parties was filed on August 23, 2006,[1] and is timely.

**D. Order**

The Court HEREBY ORDERS:

1. The Motion for Reconsideration of the Court's Order issued October 5, 2006, and stating that the Defendants filed an Opposition to the Motion to Compel is DENIED;

2. The Motion for Reconsideration of the Court's Order issued October 5, 2006, denying the extension of the discovery deadline is GRANTED in part and DENIED in part. The Court DENIES Plaintiff's request insofar as he requests that the Court extend the discovery deadline to conduct discovery on the Defendants in this action. The Court GRANTS the Motion insofar as it seeks to extend the discovery deadline with regard to the subpoenas issued on the non-parties to the action.

3. As the Court's Order issued October 5, 2006, only resolved Plaintiff's request to extend the discovery deadline as it pertained to discovery on the Defendants named in the action, the Court will not vacate that Order and will instead extend the discovery deadline with regard to non-party subpoenas in this Order *nun pro tunc*.

4. The Discovery Deadline as it pertains to **discovery on non-parties only** shall conclude on JANUARY 19, 2006.

IT IS SO ORDERED.

**Dated:    February 16, 2007**             /s/ Sandra M. Snyder
icido3                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court received the pleading on August 28, 2006, however, Plaintiff signed the Motion on August 23, 2006. Upon application of the mailbox rule, Plaintiff's submission of the Motion to Extend the Discovery Deadline is timely. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988);