UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS,<br><br>        Plaintiff,<br><br>   v.<br><br>H.L. BRYANT, et. al.,<br><br>        Defendants. | CV F   04 5077 REC SMS P<br><br>ORDER DENYING MOTION FOR<br>IMPOSITION OF SANCTIONS (Doc. 97.) |

    Louis Frances ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On December 6, 2006, Plaintiff filed a Motion fr the imposition of sanctions against Counsel for Defendants pursuant to Rule 27(c)(2) for alleged misrepresentations he made during the discovery process.  Plaintiff states that Counsel for Defendant informed the Court on March 30, 2006, and April 17, 2006, that he had only some of the medical records Plaintiff sought to have authenticated when, in fact, he had all of Plaintiff's medical records dated January 1, 1998 to August of 2005.  Plaintiff states that on September 25, 2006, Defense Counsel admitted to Plaintiff in writing that he made misrepresentations to the Court and when he responded to Plaintiff's letter of inquiry.  Plaintiff offered to settle the case.  IN support of his Motion, Plaintiff

1

attaches copies of two documents titled "Memorandum" to the Medical Records Department from Litigation Coordinator, Dennis Gunter. In these Memorandum, Mr. Gunter states that the "Attorney General's office is requesting copies of all medical records for the above inmate from January 1, 1998, to present." (Exh. A, Submission of Docs in Support of Motion for Sanctions, Court Doc. 99.) Plaintiff also submits the Declaration of the Custodian of Records, Deborah Christine, dated August 3, 2005, which states that the records she attached to her Declaration are the true and correct copies of medical records from Plaintiff's file maintained at the Department of Corrections. (Exh. B, Submission of Docs.)

Defendants filed an Opposition to the Motion for Sanctions on December 19, 2006. (Doc. 101). Counsel argues that Plaintiff's Motion should be denied because the statement was of no consequence under the applicable rule.

Federal Rule of Civil Procedure 37(c)(2) provides:

> If a party fails to admit the genuineness of any document ... and if the party requesting the admissions thereafter proves the genuineness of the document .., the requesting party may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make an order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

Fed.R.Civ.P. 37(c)(2).

The Court has reviewed Plaintiff's Motion and supporting documentation and finds the request for sanctions to be without merit. As indicated by Counsel for Defendants, Plaintiff's medical records go back to June 1996, however, the request only requested documents from January 1, 1998, to August of 2005. Thus, Plaintiff's statement that Counsel for Defendants requested *all* of his medical records is incorrect.

To the extent that Plaintiff is asserting that Counsel received a complete copy of his medical records from January 1, 1998, to August of 2005, he is again mistaken. The evidence before the Court is not a request made specifically by Counsel for Defendant but a request made to the records department from the Litigation Coordinator at High Desert State Prison. It is the Litigation Coordinator who requested "all" of the medical records for Plaintiff. Even assuming

that the request was submitted on behalf of the Attorney General's Office, there is no evidence before the Court that Counsel for Defendant *received* or had *all* of Plaintiff's medical records in his possession. Plaintiff assumes that because *all* records for a specific time period were requested, all were received. As noted by Counsel for Defendant, two of the three medical records Defendant Galaza could not authenticate were before January 1, 1998. Thus, even had Counsel received all records stemming from January 1, 1998, to August 2005, these records would not have been included. Further, Counsel states that he did not receive one particular document that postdated January 1, 1998, at all. (Carrasco Decl., ¶¶ 25, 26.) Plaintiff presents nothing to refute this.

Plaintiff's submission of the Declaration of the Custodian of records does not support his Motion. The declaration provides only that the documents were given to the Attorney General's Office were a true and correct copy of the documents in the file. There is nothing in this declaration to support Plaintiff's allegation that Counsel received every document contained in that file.

As the Court finds no evidence before it to support Plaintiff's assertion that Defendants had in their possession *all* of Plaintiff's medical records, the Motion for Sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   February 16, 2007**              **/s/ Sandra M. Snyder**
icido3                                      UNITED STATES MAGISTRATE JUDGE