# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS FRANCIS, | CV F 04 5077 REC SMS P |
|     Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 85.) |
| H.L. BRYANT, et. al., | |
|     Defendants. | |

Louis Francis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on January 14, 2004, alleging a violation of his Eighth Amendment rights. On October 27, 2006, Defendants moved for Judgment on the Pleadings alleging that Plaintiff's action was barred by the statute of limitations. Plaintiff filed an Opposition to the Motion on November 13, 2006, and Defendants replied to the Opposition on November 16. 2006.

**A. MOTION FOR JUDGMENT ON PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the

pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436 (9th Cir. 1989). The court must assume the truthfulness of the material facts alleged in the complaint. All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(c). However, documents submitted with the complaint may be considered as part of the complaint for purposes of a motion for judgment on the pleadings. Hal Roach Studios, 896 F.2d at 1555. The court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the documents are central to plaintiff's claim and no party questions the authenticity of the document. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

### 1. Statute of Limitations & Equitable Tolling

Claims made under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The statute of limitations for personal injury actions in California is one year. Cal. Civ. Proc. Code § 340(3). However, as of January 1, 2003, California amended the statute of limitations for a personal injury action setting forth that a personal injury action must be filed within two years, not one year, of the accrual of the cause of action. Cal.Code Civ. Proc. § 335.1. is not retroactive, except for victims of the September 11, 2001 terrorist actions. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir.2004); Rodriguez v. Superior Court, 108 Cal.App. 4th 301, 303, 133 Cal.Rptr.2d 294, 296, n. 2 (2003) (*citing* Stats.2002, ch. 448, § 1.).

Cal.Code Civ. Pro. § 352.1 provides that a prisoner serving a term of less than life is entitled to a two-year tolling provision before the commencement of the statute of limitations for bringing a civil rights action. Thus, an incarcerated inmate who's claim accrued prior to 2003 is entitled to three years from the date that the cause of action accrued in which to file suit, if the

cause of action accrued while said plaintiff was incarcerated.   There are no tolling provisions for prisoners serving a life sentence.

Although a federal court looks to the forum state's law for the applicable statute of limitations, federal law determines when a civil rights claim accrues. See Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir.1994).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Two Rivers v. Lewis, 174 F.3d 987, 991-91 (9 Cir.1999); Elliott, 25 F.3d 801 (finding claim of excessive force during arrest accrued at time of arrest.)

In this case, Plaintiff's claim accrued on October 2, 1998, the date Plaintiff's injury occurred. (Compl. at 8-A.)  Plaintiff, is serving a sentence of 25 years to life with the possibility of parole. (Compl. ¶ IV 8-A; Def.'s Exh. 1.)   As Plaintiff's claim arose prior to 2003, he is entitled to the one year statute of limitations in addition to two years of tolling.  Plaintiff's action, therefore, had to be filed on or before Tuesday, October 2, 2001.  As noted above, however, this action was not filed until January 14, 2004, almost two years after the statute expired and thus it is barred by the statute of limitations unless Plaintiff can demonstrate an entitlement to equitable tolling. See Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993) (Burden is on Plaintiff to establish entitlement to equitable tolling).

"The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense. Cervantes v. City of San Diego,  5 F .3d 1273, 1275 (9th Cir.1993).  As a general proposition, state law governs the application of equitable tolling to the statute of limitations in a federal civil rights action.  See, Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988.)

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith,' " Fink v. Shedler, 192 F.3d 911, 916 (9th Cir.1999) (*quoting* Bacon, 843 F.2d at 374), and the statute of limitations is tolled while exhaustion occurs.  Donoghue v. County of Orange, 84 F.2d 926, 930-31 (9th Cir. 1988); Addison

3

v. State of California, 21 Cal.3d 313, 318 (1978).  Again, the burden to show equitable tolling applies lies with the Plaintiff.  U.S. v. Marolf, 173 F.3d 1213, 1218 n.3, (9th Cir. 1999); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993) (holding that burden to plead facts which would give rise to equitable tolling falls upon the plaintiff.)

In his Opposition to the Motion, Plaintiff argues that equitable tolling is applicable because his first case, Francis v. Galaza, 99-5905 AWI TAG P,[1] raised the same claims as the sole Eighth Amendment claim at issue in this case and was timely.  Plaintiff believes that since he initiated this action before the prior action was resolved, the statute of limitations should toll and this action be deemed timely. (Opposition at 2.)  Plaintiff concedes that after November 26, 2003, when the Magistrate Judge issued a recommendation to deny the first Motion to Dismiss on exhaustion grounds in case no. 99-5905-AWI-TAG-P, and before resolution of that recommendation by the District Court on March 4, 2004, he filed this action on January 14, 2004.  Plaintiff states that he re-filed the action because he "did not know whether or not the District Court would reject or adopt the recommendations ... [so] Plaintiff refiled the current action." (Opposition at 3.)  Plaintiff further argues that the Defendants have suffered no prejudice in having to defend this action.

The Court finds Plaintiff's argument in support of his claim for equitable tolling meritless.  Even assuming the first two prongs of the doctrine under California law are met, Plaintiff has not acted reasonably with regard to pursuing his claims.  Plaintiff concedes that he re-instituted this action prior to the disposition of the prior action by the District Court.  The PLRA requires that Plaintiff exhaust his administrative remedies prior to filing suit in federal court.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (Exhaustion must occur prior to filing suit and plaintiff may not exhaust while suit is pending.)  Despite being informed of the exhaustion requirement the Court's Findings and Recommendations issued in Plaintiff's

---

[1] The Court takes Judicial Notice of Francis v. Galaza, CV F 99-5905 AWI TAG P.  The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980).

1  first action, rather than pursue his claims administratively as is required by law, Jones v.
2  Bock,127 S.Ct. 920, fn. 8 (2007) (exhaustion "is mandatory under the PLRA and  ... unexhausted
3  claims cannot be brought in court), Plaintiff instead filed a duplicate action even though the first
4  action was not fully resolved.  The Court finds the filing of a duplicate action under these
5  circumstances is not reasonable and in good faith.

6  Further, Plaintiff fails to establish that the delay in filing the second action stemmed from
7  his pursuit of administrative remedies, remedies which were deemed unexhausted in the first
8  action.  Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 1979 (2000).
9  The Ninth Circuit has held that a limitations period may be tolled while a claimant pursues an
10 administrative remedy.  Daviton v. Columbia, 241 F.3d 1131 (9th Cir. 2001.)  In California,
11 pursuing administrative remedies tolls the statute of limitations even where exhaustion of
12 administrative remedies is not required prior to bringing suit.  Addison v. State of California , 21
13 Cal.3d 313, 317, 146 Cal.Rptr. 224 (1978).

14  Here, Plaintiff alleges in his return to the Order to Show Cause ("OSC") regarding
15 exhaustion, that on November 21, 2002,[2] nine months after the District Court dismissed the first
16 case CV F 99-5905 for exhaustion, he filed an administrative grievance to the Inmate Appeals
17 Branch concerning the claim before the Court.  (Return at 2.)   Plaintiff further states that he
18 appeal was accepted and a Directors level decision was issued on January 7, 2003, and thus, the
19 statute should equitably toll.  Id.

20 Plaintiff provides no evidence to support his assertions and the Court finds his assertions
21 of exhaustion disingenuous.  Defendants, in their Reply to the Return to the OSC, provide the
22 Court with copies of the inmate appeal cited by Plaintiff as evidence that he was properly
23 pursuing administrative remedies.  According to this documentation, there *was* an administrative
24 appeal filed by Plaintiff on November 25, 2002, which was assigned log no. SATF-02-05135.
25 (Exh. 2 at 20, Defendant's Reply to the Return.)   However, this grievance did not concern any
26 facts relating to either the retaliation claim or the Eighth Amendment claim regarding flooding.

---

[2] The District Court granted the Motion for Summary Judgment regarding exhaustion of administrative remedies on February 15, 2002. (Court Doc. 55, Francis v. Galaza, CV F 99-5905 AWI TAG P.)

5

The appeal identified by Plaintiff grieves a delay in the administrative appeal process and names several individuals who handle inmate appeals. Id. Thus, although Plaintiff pursued an administrative remedy, the grievance filed was unrelated to the claims at issue in this action and cannot serve to further toll the statute of limitations. Accordingly, the Court finds Plaintiff is not entitled to equitable tolling and the instant action is barred by the statute of limitations.

### *2. Exhaustion*

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Thus, plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of

1  exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In order to meet this
2  burden, Defendants must demonstrate that pertinent relief "remained available." Brown v.
3  Valoff, 422 F.3d 926, 936-37 (9th Cir.2005). The U.S. Supreme Court has further held that
4  "[p]roper exhaustion demands compliance with an agency's deadlines and other critical
5  procedural rules because no adjudicative system can function effectively without imposing some
6  orderly structure on the course of its proceedings." Woodford v. Ngo, 126 S.Ct. 2378 (2006).
7  Thus, "[proper exhaustion] means ... a prisoner must complete the administrative review process
8  in accordance with the applicable procedural rules ... as a precondition to bringing suit in federal
9  court." Id.

10  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is
11  subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt,
12  315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,
13  368 (9th Cir. 1998) (*per curiam*)).  However, where it is clear from the face of the complaint or
14  pleadings that plaintiff did not exhaust administrative remedies prior to filing suit, dismissal is
15  appropriate. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A
16  prisoner's concession to nonexhaustion is a valid grounds for dismissal . . .")

17  In deciding whether a claim is exhausted, the court may look beyond the pleadings and
18  decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.  If the court concludes that the
19  prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without
20  prejudice. Id.

21  As a preliminary matter, Defendants raised exhaustion as an affirmative defense in their
22  Answer filed on September 23, 2005.[3]  Defendants indicate in their Reply to Plaintiff's
23  Opposition to the Motion to Dismiss that an unenumerated Rule 12(b) Motion could not be filed
24  at the time of the assigned Motion to Dismiss deadline because of the state of the law in the
25  Ninth Circuit at the time. In Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), the Court held that
26  administrative remedies were "not available" if a grievance had been rejected as untimely and

---

[3] Defendants cite exhaustion as their Third Affirmative Defense in the Answer. (Court Doc. 13-1.)

7

thus, claims raised in such grievances were "exhausted" for federal purposes. Id.at 631. However, the Supreme Court reversed the Ninth Circuit in Woodford v. Ngo, 126 S.Ct. 2378 (2006), and held that in order to exhaust, "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Id

Plaintiff argues that the Court cannot examine exhaustion at this stage of the proceedings because he did not "concede" that he had not exhausted his administrative remedies. In addition, Plaintiff states that he filed and had completed the grievance process in January 7, 2003, before he initiated this action and "after" case no CV F 99-5905 was "for all intent and purposes 'closed'."

Although it is true that the Court dismissed both claims in the prior case CV F 99-5905 AWI TAG P on exhaustion grounds on February 15, 2002, Plaintiff appealed that decision and the decision was affirmed on December 12, 2002. The case was not sent back to the District Court immediately because of a pending Motions filed by Plaintiff. (Return at 2.)  Mandate, therefore, did not issue in the case until March 20, 2003.  Thus, contrary to Plaintiff's contention that the case was "closed" on February 15, 2002, for all purposes, the appeal as to the Eighth Amendment claim at issue in this action was not resolved until March 20, 2003.

As stated above, a prisoner's concession to non-exhaustion is valid grounds for dismissal. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Id.  Plaintiff asserts that he now does "not conceded" that he has not exhausted his administrative remedies. (Return at 2.)  Plaintiff's statement of "non-concession" in his Return, however, does not assist him in prevailing on exhaustion grounds.

The Court issued its OSC to Plaintiff because it appeared from Plaintiff's Complaint,[4]

---

[4] Although Plaintiff checked the box regarding exhaustion and indicating that he had exhausted, on page 6-A of the Complaint, Plaintiff, in his own handwriting states that Francis v. Galaza, CV F99-5905 AWI TAG P, which raised a retaliation and Eighth Amendment claim that is also raised in this case ("issue raised herein"), was dismissed for failure to exhaust. (Compl. at 6-A).

Opposition to the Motion to Dismiss and Reply to the Opposition[5] that Plaintiff had not exhausted his administrative remedies prior to the date he initiated this action. Thus, it is based on the information provided by Plaintiff himself that the Court issued its Order to Show Cause. The Court cannot allow Plaintiff to rely on statements made in Opposition to the proposed dismissal for statute of limitations and then turn a blind eye to them as they relate to exhaustion. Plaintiff clearly state in his Complaint and Opposition that his prior case was dismissed on exhaustion grounds. Plaintiff appealed, the case was remanded, dismissed again for failure to exhaust and Plaintiff again filed an appeal.[6] (Opposition at 2-3.) Plaintiff further indicated that he filed the instant action before the appeal was resolved because he was unsure how the District Court would rule. Id. at 3. Although the Court could have deemed such information sufficient to warrant dismissal, the Court instead issued an Order to Show Cause to allow Plaintiff to provide any evidence he might have demonstrating exhaustion.

In his Return to the OSC, Plaintiff argues that the administrative grievance process was "exhausted" on January 7, 2003. (Return at 3.) However, he did not provide the Court with any evidence to support his contention. Defendants, however, submit the administrative grievance cited by Plaintiff in their Reply to Plaintiff's Return to the OSC. According to the Declaration of N. Grannis, Chief of the Inmate Appeals Branch (IAB), the IAB accepted an inmate appeal from Plaintiff on November 25, 2002, which was assigned log no. SATF-02-5135. (Grannis Decl. at ¶ 7, Reply to Return to OSC.) The IAB issued a decision denying the grievance on January 7, 2003. Id. at ¶ 8. A review of the contents of this grievance show that the basis for the complaint was that there had been "delays" in the administrative review process and that Plaintiff's grievances, when returned, were missing the date of return. (Exhs. 2, pp 18, 20-21,[7] Reply to Return to OSC.) This grievance, however, does not establish that Plaintiff exhausted his Eighth

---

[5] Defendants indicate in their Reply to the Opposition that it was their intent to seek leave to file a Motion to Dismiss on exhaustion grounds. (Pg. 4, Footnote 4, Reply to Opposition.)

[6] Plaintiff sates that as of November 13, 2006, when he submitted his Opposition to the Motion for Judgment on the Pleadings, the Court of Appeal still had not resolved his appeal of CV F 99-5905 AWI TAG P.

[7] These documents were submitted in Opposition to the first Motion filed by Defendants in Francis v. Galaza, CV F 99-5905 AWI TAG. (Court Doc. 45, CV F 99-5905 AWI TAG P).

Amendment claim concerning the water leak that caused him injury as alleged in this action.

Defendants note further that in the prior case, Plaintiff cited an entirely separate grievance in support of his assertion that he had exhausted his Eighth Amendment and retaliation claims. The Magistrate Judge in CV F 99-5905 examined this grievance and although the grievance did concern facts raised in that action and duplicated in this one, it did not establish exhaustion of either claim. (Court Doc. 48, CV F 99-5905 AWI TAG P). The Court stated that the grievance filed on February 10, 1999, was rejected on February 26, 1999, as untimely because plaintiff "exceeded the 15 day time limit for submitting the appeal" and failed "to offer a credible explanation as to why he could not and did not submit the appeal within the established time frame." (Id. at 5.; also, Exh. 2, pp. 51-53, Reply to Return to OSC.) Plaintiff did not, however, appeal the screening decision and there is no other evidence in the record to find that he exhausted the administrative remedies with regard to the claim raised in this case.

The Supreme Court recently held in Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006), that the PLRA not only requires exhaustion but requires proper exhaustion. Proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules ..." and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).

Here, the only appeal ever submitted by Plaintiff concerning the claim at issue in this action was rejected as untimely. Plaintiff did not seek further review of the appeal and presents no evidence in response to the OSC that he ever exhausted his administrative remedies with regard to the sole Eighth Amendment claim raised in this action. Because the claim at issue is unexhausted, the Court will also recommend dismissal for Plaintiff's failure to exhaust his administrative remedies.

**C. RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Defendant's Motion be GRANTED and the case dismissed with prejudice on the grounds that the action is barred by the statute of limitations, Plaintiff is not entitled to equitable tolling and the claim in the action is unexhausted.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted

1 to the United States District Court Judge assigned to this action pursuant to the provisions of 28
2 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3 District Court, Eastern District of California.  Within THIRTY (30) days after being served with
4 a copy of these Findings and Recommendations, any party may file written Objections with the
5 Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6 Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
7 and filed within TEN (10) court days (plus three days if served by mail) after service of the
8 Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
9 § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
10 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
11 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:    March 27, 2007**          /s/ Sandra M. Snyder
icido3                        UNITED STATES MAGISTRATE JUDGE